UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Electronically Filed)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | )CRIMINAL ACTION NO. 3:13CR-174-JGH | |
| | ) | |
| ABRAHAM GALLEGOS, | ) | |
| | ) | |
| Defendant | ) | |

**MOTION TO REVOKE DETENTION ORDER**

Comes the Defendant, Abraham Gallegos, by and through counsel, and hereby moves this Honorable Court to grant his release from federal custody pending trial. In the alternative, Defendant requests a detention hearing on this matter. In support of this motion, Defendant states as follows:

1.      On December 16, 2013 Defendant waived his right to a move for a detention hearing at that time and reserved his right to move for a detention hearing at a later date. *see* Waiver of Detention Hearing, ECF Document #53.

2.      A defendant shall not be detained pending trial but where, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Where the offense charged prescribes a maximum term of imprisonment of 10 years or more under the Controlled Substances Act, 12 U.S.C. 801 *et seq*, the Bail Reform Act of 1984 imposes a rebuttable presumption that

"no condition or combination of conditions will reasonably assure the safety of any other person and the community…"  18 U.S.C.§3142(e)

3.       In determining whether the Defendant has rebutted the presumption of flight risk and risk of endangerment, the judicial officer shall consider "(1) the nature and circumstances of the offense charged… (2) the weight of the evidence against the person; (3) the history and characteristics of the person… and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

4.       Defendant asserts that he can overcome any presumption for detention and that his pretrial release is warranted in this case where the offense charged is non-violent, where no firearm was involved, where only circumstantial evidence has been provided in support of the charges against defendant at this time, where defendant's criminal history is minimal, and where the community would only benefit by defendant's release.

5.       Defendant's assertion is consistent with the finding made by the judicial officer in the corresponding state court case, Jefferson County Circuit Court Division Nine 13-CR-002945-001, where a detention hearing was held and where defendant Gallegos was released from state custody after posting bond.   A copy of the Jefferson Circuit Court's Order of Release from Custody is attached heretofore as **EXHIBIT 1.**

6.        Defendant asserts the nature and circumstances of the offense charged are not such that pretrial detention is necessary to assure Defendant's presence at trial or public safety.  Defendant is charged with conspiracy to traffic more than 50grams of methamphetamine, the exact quantity of which has not been revealed by the US Attorney at this time. *see* Indictment, ECF Document #12.

7.      At this time, the pretrial materials provided by the U.S. Attorney's Office indicate that the amount in question is less than the approximately 4,536 grams at issue in the corresponding Jefferson Circuit Court case where pretrial release was granted.

8.      Defendant Gallegos is not being charged with a violent crime and his criminal history reveals no prior behavior similar to the offense charged.  In December of 2004, nearly ten years ago, Defendant Gallegos did plead guilty to the Unlawful Exhibition of a Weapon, a class D felony.  As part of a plea deal, the original charges of assault in the first degree and armed criminal action were set aside in a habeas type proceeding.  See **EXHIBIT 2.**  Though, the presiding judicial officer released Defendant Gallegos on probation and did not find that incarceration or other confinement was necessary in light of the conviction.  Defendant Gallegos has since dutifully complied with the terms of his probation, has satisfied his sentence, and had not incurred any subsequent charges until this time, nor was it alleged that he failed to comply with court orders.  Throughout, Defendant Gallegos has honored his obligations to follow court orders when required.

9.      Defendant Gallegos has strong ties to his family and his community in Olathe, KS.  Defendant Gallegos employs members of his community and provides financial support to his family through a Meineke Automotive Repair business, which he owns in part.  Defendant asserts that his business has suffered during his detention thus far, and will deteriorate further should he be prevented from traveling to Olathe in the pendency of this matter.

10.     Given that the offense charged is found within the Controlled Substance Act and that the maximum sentence imposed by the offense exceeds 10 years, Defendant

acknowledges that a presumption of incarceration exists in this case. However, in light of the aforementioned, Defendant asserts that any presumption is sufficiently rebutted. No violence or use of a firearm has been charged or otherwise alleged in this case on the part of Defendant Gallegos. While Defendant's criminal history shows a conviction for exhibition of a firearm, that event occurred nearly ten years ago and the presiding judge released Gallegos on probation rather than imposing a term of detention. Having spoken with Defendant's Counsel in Missouri, Counsel asserts that the charge and conviction was not due to Defendant's actions but an agreement based upon the conviction which had been set aside by an appellate court. Defendant Gallegos dutifully walked down this probation time and incurred no other charges until now. As a business owner and employer, Defendant plays a vital role in his local community and his family, who are suffering economic harm during Defendant's incarceration and would benefit from Defendant's pretrial release. Finally, a Jefferson County Circuit Court has considered these factors and has granted release in the pendency of a trial on charges that appear to involve far greater drug quantities than those alleged in this case.

11.     Defendant having already posted bond in the amount of $50,000 (10%) in the corresponding Jefferson County Circuit Court case, see **EXHIBIT 1**, defendant requests that the Court not impose an additional bond amount, should the detention order be revoked.

WHEREFORE, Defendant respectfully requests this Court grant Defendant Gallegos's release from federal custody pending trial or set this matter for a detention hearing.

4

/s/Jonathan S. Ricketts
Ricketts Law Offices, PLLC
4055 Shelbyville Rd.
Louisville, Kentucky 40207
(502) 896-2303
*Counsel for Defendant*

## CERTIFICATION

I hereby certify that a copy of this has been electronically filed, via the Electronic

Court Filing system for the Western District of Kentucky, on this the 22nd day of May,

2014.

/s/ Jonathan S. Ricketts
Ricketts Law Offices, PLLC
4055 Shelbyville Road
Louisville, KY  40207
(502) 896-2303 tel
(502) 896-2362 fax
jricketts@rickettslawoffices.com
*Counsel for Defendant*

5