UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**
VANESSA L. ARMSTRONG, CLERK

JUN 27 2014

**U.S. DISTRICT COURT**
**WEST'N. DIST. KENTUCKY**

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:13CR-174-JHM

**ABRAHAM GALLEGOS**                                              DEFENDANT

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by David J. Hale, United States Attorney for the Western District of Kentucky, and defendant, **ABRAHAM GALLEGOS**, and his attorney, Hon. Jonathan S. Ricketts, have agreed upon the following:

1.      Defendant acknowledges that he has been charged by Indictment with the following: **Count 1**, violation of Title 21, United States Code, Sections 846 and 841 relating to a conspiracy to possess with the intent to distribute fifty grams or more of methamphetamine between September 13, 2012, and November 15, 2013.

2.      Defendant has read the charges against him contained in the Indictment, and the charges have been fully explained to him by his attorney.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to the Count of the Indictment. Defendant will plead guilty because he is in fact guilty of the charges.  The parties agree to the following factual basis for this plea:

Between September 13, 2012 and November 15, 2013, in the Western District of

Kentucky, Abraham Gallegos knowingly conspired with John White, and others to possess and

distribute fifty grams or more of methamphetamine.

4.      Defendant understands that the charge to which he will plead guilty carry the

following penalties: **Count 1**, a mandatory minimum of 10 years' imprisonment, up to a

maximum of Life imprisonment, a maximum fine of $10,000,000.00, and a minimum of 5 years'

supervised release up to a maximum of Life on supervised release.

5.      Defendant understands that if a term of imprisonment of more than one year is

imposed, the Sentencing Guidelines require a term of supervised release and that he will then be

subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

6.      Defendant understands that by pleading guilty, he surrenders certain rights set

forth below.  Defendant's attorney has explained those rights to him and the consequences of his

waiver of those rights, including the following:

A.      **The right to a public and speedy trial:** If defendant persists in a

plea of not guilty to the charge against him, he has the right to a public and speedy

trial.  The trial could either be a jury trial or a trial by the judge sitting without a

jury.  If there is a jury trial, the jury would have to agree unanimously before it

could return a verdict of either guilty or not guilty.  The jury would be instructed

that defendant is presumed innocent and that it could not convict him unless, after

hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable

doubt.

B.      **The right to confront and produce evidence**: At a trial, whether

by a jury or a judge, the United States would be required to present its witnesses

2

and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

        C.     **The right against self-incrimination:** At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

       7.     Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

       8.     Defendant understands that the United States will inform the court that no restitution is owed. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

       9.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $100 per count for felony offenses involving individuals to the United States District Court Clerk's Office **by** the date of sentencing.

       10.    At the time of sentencing, the United States will:

              -recommend a sentence of imprisonment at the lowest end of the
              applicable Guideline Range, but not less than any mandatory
              minimum term of imprisonment required by law;

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea;

-recommend not less than five years supervised release; and

-agree to a fine at the low end of guidelines as determined by the Court to apply in this case, provided the Court determines the defendant has the ability to pay a fine.

11.     Both parties have reserved for sentencing all arguments relating to the applicable advisory guideline range.

A.     The Criminal History of defendant shall be determined upon completion of the pre-sentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

B.     The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12.     In light of the proposed amendment of the Drug Quantity Table in United States Sentencing Guideline 2D1.1(c) that would lower base offense levels by two levels, the parties agree as follows:

A.     If the defendant is sentenced prior to November 1, 2014 (the date the proposed amendment will become effective if adopted by the Sentencing Commission absent Congressional action), the United States will not object to the defendant's request that the Court vary downward the equivalent of two levels from the calculated total offense level;

B.     If the proposed amendment to the Drug Quantity Table is adopted and made retroactive by the Sentencing Commission and if the Court grants the defendant's request to vary downward two levels in calculating the base offense level, the defendant agrees that he will not seek a further reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on that amendment;

C.     The defendant understands that if the Court does not vary downward, the defendant will not be permitted to withdraw from the plea.

13. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) unless based on good faith claims of ineffective assistance of counsel or prosecutorial misconduct, to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

14.     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range

5

of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

15.     Defendant, pursuant to the Notice of Forfeiture, agrees to the forfeiture of any interest he or his nominees may have in the assets, to include cash, which were seized which he owns or over which he exercises control.

16.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

17.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18.     Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal

6

Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach

21.     This document and the Supplemental Plea Agreement state the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or

will be made to defendant in connection with this case, nor have any predictions or threats been

made in connection with this plea.

AGREED:

DAVID J. HALE
United States Attorney

By:

_____                    _6/27/2014_____
MAC SHANNON                                           Date
Assistant U.S. Attorney


      I have read this Agreement and carefully reviewed every part of it with my attorney.  I
fully understand it and I voluntarily agree to it.

_____                    _6-27-14_____
ABRAHAM GALLEGOS                                   Date
Defendant


      I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with
the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed
and voluntary one.

_____                    _6/27/14_____
JONATHAN S. RICKETTS                               Date
Counsel for Defendant