United States District Court

Western District of Kentucky

FILED
VANESSA L. ARMSTRONG

OCT 2 5 2020

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Abraham Gallegos

    Movant

       v.             Criminal Case No. 3:13-cr-00174

United States of America

    Respondent

---

Objection To Government Response

---

Incorporated herein are all arguments and appendices which have been tendered into evidence before the United States District Court Western District of Kentucky bearing petition to compassionate release/reduction in sentencing.

Cause cited for objection directs to (1) an achieving of "extraordinary and compelling reasons" as promulgated from Department of Justice policy; and (2) receiving benefit from equal protection of the laws. In evidence is a greater risk factor to infection of COVID-19 where chronic health traits match Centers for Disease Control and Prevention (CDC) warnings.

(1)

<u>Department of Justice Policy</u>

Cornerstone to Assistant United States Attorney Mac Shannon's

aversion to a compassionate release/reduction in sentencing granting

bears to "The Court stated, notwithstanding Defendant's strong

arguments, he has not demonstrated that his health problems and

concerns regarding COVID-19 qualify as extraordinary and compelling

reasons under § 3582(c)(1)(A)." (Doc. 280; Page 3). In positing same,

evaded is Special Attorney Elizabeth E. White's speaking to the

policy of the Department of Justice under the command of Attorney

General William P. Barr:

> "If an inmate has a chronic medical
>
> condition that has been identified
>
> by the CDC as elevating the inmate's
>
> risk of becoming seriously ill from
>
> COVID-19, that condition satisfies
>
> the standard of extraordinary and
>
> compelling reasons because it
>
> substantially diminishes the ability
>
> of the defendant to provide self-care
>
> within the environment of a correctional
>
> facility..."

See: <u>United States v. Joseph</u>, Case No. 2:16-cr-00091 (E.D. La.

September 9, 2020).

See also: <u>United States v. Gonzalez</u>, Case No. 18-cr-3387 (W.D. Tex.

June 5, 2020) (same) (Assistant United States Attorney Kyle Myers);

<u>United States v. Washington</u>, Case No. 2:07-cr-20090 (D. Kan. July

(2)

23, 2020) (same) (Assistant United States Attorney Leon Patton);
United States v. Grant, Case No. 2:10-cr-242/2:11-cr-64 (M.D. Ala.
June 1, 2020) (same) (Assistant United States Attorney Megan A.
Kirkpatrick); United States v. Harter, Case No. 1:16-cr-00050
(S.D. Miss. May 28, 2020) (same) (Assistant United States Attorney
Erica L. Rose); United States v. Young, Case No. 1:16-cr-00210
(S.D. Ala. August 13, 2020) (same) (Assistant United States Attorney
Scott A. Gray); and United States v. Long, Case No. 1:17-cr-00026
(S.D. Ala. May 22, 2020) (same).

Assistant United States Attorney's Scott A. Gray and Kyle Myers echo
the Department of Justice Theme to Movant's obesity:

> "Currently, the Department of Justice's
> litigating position is that certain
> levels of obesity may qualify as
> extraordinary and compelling in the
> light of the COVID-19 pandemic."

(Young; Case No. 1:16-cr-00210; Doc. 59; Page 2).

> "Because of his obesity, the Government
> agrees that Defendant is at greater
> risk for developing a serious case of
> COVID-19; in that sense he has
> established an extraordinary and
> compelling reason for compassionate
> release."

(Gonzalez; Case No. 18-cr-3387; Government Response; Page 21).

(3)

## CDC Health Advisory

Warned by the Centers for Disease Control and Prevention (CDC), people of any age with certain underlying medical conditions are at increased risk for severe illness from COVID-19. Moreover, there is no way to ensure you have zero risk of infection. Those persons the CDC have assessed for risk concerns include:

### Are At Increased Risk

Cancer; Chronic kidney disease; COPD; Immuno compromised; Obesity; Heart failure; Coronary artery disease; Cardiomyopathies; Sickle cell disease; Type 2 diabetes.

### May Be At Increased Risk

Asthma; Cerebrovascular disease; Cystic Fibrosis; Hypertension; Immunocompromised; Neurologic conditions; Liver disease; Pregnancy; Pulmonary fibrosis; Smoking; Thalassemia; Type 1 diabetes.

Conceded by Assistant United States Attorney Mac Shannon in stating the acknowledgement of the District Court's to Movant's chronic health conditions, is eligibility for compassionate release/reduction in sentencing under "extraordinary and compelling reasons".

"Defendant suffers from a number
of significant health issues including
Type 2 diabetes, hypertension
(high blood pressure), a congenital
heart defect with heart failure
(Aortic Coarctation), asthma, and

(4)

morbid obesity with a BMI >40."
(Doc. 280; Page 3) ; (Doc. 270; Pages 5-6).

Moreover, the medical records held by Federal Prison Oakdale,
Louisiana Health Services Department ex-tol Movant has been in
contact with a positive testing person. (Note: Medical records to
the fact had not been received at time of submission). The United
States Attorney for the Western District of Kentucky is priviledged
To the Central records of the Bureau of Prisons therein, review to
same is afforded), (See also Attachment D to initial motion).

## COVID-19 Effect On Prisons

Case-study data evidences the "novel coronavirus disease 2019 (COVID-19)
represents a challenge to prisons because of close confinement, limited
access to personal protective equipment, and elevated burden of cardiac
and respiratory conditions that exacerbate COVID-19 risk among
prisoners." (See: L. Hawks et al., "COVID-19 in prisons and jails in the
United States; Journal of the American Medical Association Intern
Med.; Published online April 28, 2020; doi: 10.1001/jamainternmed.
2020.1856). COVID-19 case rates have been substantially higher
and escalating much more rapidly in prisons than in the United States
population:

"By June 6, 2020, there had been
42,107 cases of COVID-19 and 510
deaths among 1,295,285 prisoners
with a case rate of 3,251 per 100,000

(5)

prisoners. The COVID-19 case rate for
prisoners has 5.5 times higher than the
US population case rate of 587 per
100,000."

(See: Brendan Saloner, PhD; "COVID-19 Cases and Deaths in Federal
and State Prisons"; Journal of the American Medical Association
August 11, 2020; Volume 324, Number 6; Pages 602-603; jama.com).

"A recent Centers for Disease Control and Prevention report found that
76.4 percent of people in the United States who died of COVID-19 had
at least one underlying medical condition." (See: Jason Douglas and Russell
Gold; "Chronic Illness Increase Risk"; Wall Street Journal July 25-26,
2020; Page A5). Without scientific conclusions as to whether
reinfection is possible or how long COVID-19 immunity lasts, there must
be an erring on the side of caution to avoid potentially lethal
consequences. Inmates with a serious chronic illness fail to receive
care while incarcerated. With prison resources stretched even thinner
by the COVID-19 crisis it is unlikely that an inmate will be able to
get the medical care needed in the midst of an ongoing pandemic.
(See: Andrew Wilper et al.; "The Health and Health Care of US Prisoners:
Results of a Nationwide Survey"; American Journal of Public Health
April 2020; https://www.ncbi.nlm.nih.gov/pmc/articles/
PMC2661478/).

<u>COVID-19 - Federal Prison Oakdale</u>

Chastening the Bureau of Prisons COVID-19 response, the Eastern District
of Louisiana cited Oakdale not only as a case-study for the Bureau of

(6)

Prisons failed containment measures but also to show that the
Bureau of Prisons is almost certainly underestimating the true
number of infections. See (United States v. Barnes, 2020 WL
3606354, at 9 (E.D. La. July 2, 2020). In granting compassionate
release/reduction in sentencing to a Federal Prison Oakdale inmate,
the Northern District of Illinois cited:

> "... The increase in total infections
> means that Oakdale's infection rate
> has worsened... and demonstrates
> that infections have continued
> despite Oakdale's mitigation efforts."

United States v. Hayes, 2020 WL 3790615, at 2 (N.D. Ill. July 7, 2020).

## $3553(a) Factors

Applied means of the Bureau of Prisons to assess recidivism risk
draws from the "Male Pattern Risk Scoring" tool authorize under the
First Step Act of 2018. Movant scores as a "Low" candidate to
recidivism principally based on Movant's age range. Extended review
of same document extols favorable points to (1) no violent offense;
non-existant criminal history; and educational programing. Where
Movant's age classification receives discounting, risk of recidivism
scores as a "Minimum" affording equal protection of the laws.

Drawing from When v. United States, 517 U.S. 806 (1996), the Eleventh
Circuit Court of Appeals heralded "The Equal Protection Clause of the
Fourteenth Amendment requires the states to treat similarly situated

(7)

persons in a similar manner." <u>Navellier v. State of Florida</u>, 672 Fed. Appx. 925, 930 (11th Cir. 2016). Example to such principle receives notice from application of Section 404 of The First Step Act of 2018 to ineligible career drug offenders and drug offenders with prior convictions. See:

<u>United States v. Scales</u>, 2020 U.S. Dist. LEXIS 925 (S.D. Fla. January 3, 2020) (career drug offender); <u>United States v. Hadley</u>, 389 F. Supp. 3d 1043 (M.D. Fla. July 24, 2019) (career drug offender); <u>United States v. Davis</u>, 2019 U.S. Dist. LEXIS 95537 (N.D. Fla. March 6, 2019) (career drug offender); <u>United States v. Romero</u>, 2020 U.S. Dist. LEXIS 9847 (W.D. Tex. January 21, 2020) (prior criminal convictions); <u>United States v. Davis</u>, 2020 U.S. Dist. LEXIS 12193 (W.D. La. January 17, 2020) (prior criminal convictions); and <u>United States v. Beck</u>, 2019 U.S. Dist. LEXIS 108542 (M.D. N.C. June 28, 2019) (prior criminal convictions).

To allege Movant shall commission a felonious action upon granting of a compassionate release/reduction in sentencing motion, runs afoul of constitutional provisions. Held under the Fifth and Sixth Amendments are (1) fair notice to the allegations levied; (2) confrontation of adverse witnesses; (3) compelling of favorable witnesses; and (4) finding of guilt beyond a reasonable doubt by a jury of Movant's peers. Weight under 18 Title U.S.C. § 3553(a) directs to Movant being in absenteeism to a public safety risk upon re-entry to the community.

(8)

## Release Planning

Re-entry plan forwarded to the Bureau of Prisons by Movant lists 7607 East 65th Street, Kansas City, Missouri as the intended dwelling of residency which shall be additionally occupied by step-brother Joseph Shugrue. Same affords means to self-quarintine for 14 days as promoted by the Centers for Disease Control and Prevention (CDC). Return to the automotive industry yields means to secure financial stability where training and experience can be capitalized upon. Medical coverage shall be sought with a licensed vendor where pre-existing health conditions and prescriptions needs are met.

## Conclusion

In contradiction to Department of Justice policy and Centers for Disease Control and Prevention (CDC) factual postings, Assistant United States Attorney Mac Shannon erroneously states "he is not suffering from a significant physical or mental impairment that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility..." (Doc. 280; Page 4). Moreover, Assistant United States Attorney Mac Shannon reasons "one cannot conclude that Mr. Gallegos is not a danger to the safety of any other person or to the community..." (Doc. 280; Page 4). Nature to physical evidence in support of claims is devoid to Assistant United States Attorney Mac Shannon's presentation where Movant presented tangible medical records supportive to claim.

With a statutory release from incarceration booked as September 25, 2021, criterion to Attorney General William P. Barr's home confinement

(4)

mandate for all COVID-19 at risk inmates has received
diversion by the Bureau of Prisons as it regards Movant. In
the instant matter, sought is compassionate release/reduction
in sentencing under authority of 18 Title U.S.C. $^{5}$3563(b)(11)
where the United States District Court Western District of
Kentucky may reduce a sentence to probation or supervised
release, with or without conditions, for the unserved portion
of the original term of imprisonment. Movant presents as an
eligible candadate under applied statutory principles and
is additionally awaiting benefit to Residential Re-Entry Center
awarding. It is so prayed.

Respectfully Submitted,

Abraham Gallegos
Reg. No. 15419-033
FCI Oakdale I
P.O. Box 5000
Oakdale, Louisiana 71463

(10)

<u>Certificate of Service</u>

Herein the undersigned certifies under penalty of perjury that he mailed a true and correct copy of Movant's Objection To Government Response First Class Mail postage prepaid by placing the same in the United States Mail at Federal Correctional Institution Oakdale), Louisiana addressed to the following party or parties on this the 18th day of October, 2020, 28 Title U.S.C. §1746.


Clerk of the Court
United States District Court
Western District of Kentucky
601 W. Broadway
Room 106
Louisville, Kentucky 40202


Subscribed on this the 18th day of October, 2020.


Abraham Gallegos
Reg. No. 15419-033
FCI Oakdale I
P.O. Box 5000
Oakdale, Louisiana 71463

(11)

Abraham Gallegos #15419-033
Federal Correctional Institution #1
P.O. Box 5000
Oakdale, LA 71463.

CERTIFIED MAIL

7019 1120 0001 ?4 5437

FILED
VANESSA L. ARMSTRONG
OCT 23 2020
U.S. DISTRICT COURT
WEST N. DIST. KENTUCKY

4020232249 C075

Clerk of the Court
United States District Court
Western District of Kentucky
601 W. Broadway
Room #106
Louisville, KY 40202